## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY ATOM NIXON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TERRANCE P. MOORE, WARDEN, et al.:** | | **NO. 13-0644** |

### M E M O R A N D U M

**SANCHEZ, J.**                        **FEBRUARY** $\partial 5$ **, 2013**

Plaintiff has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the Warden, the Director of the Medical Department and the Maintenance Department at the Bucks County Correctional Facility. He alleges that he broke his jaw when he fell from the top of a bunk bed, which did not have a ladder to allow him to get in and out of the bed.

With this action, plaintiff submitted a motion to proceed in forma pauperis. As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted. However, for the reasons which follow, this action will be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and plaintiff will be given the opportunity to file an amended complaint.

### I. DISCUSSION

In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that the defendants have violated

plaintiff's constitutional rights. Even <u>assuming arguendo</u> that prison officials were negligent because the bunk bed did not have a ladder, negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. <u>See</u> <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986); <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986). Furthermore, plaintiff was seen by a nurse immediately after he fell, and then shortly thereafter he was transferred to a hospital where he received surgery for the injury to his jaw.

When dismissing a pro se civil rights complaint, a district court should grant leave to amend liberally, even if the plaintiff does not request it. <u>Tate v. Morris Cnty. Prosecutors Office</u>, 284 F. App'x 877, 879 (3d Cir. 2008). Accordingly, plaintiff shall have 30 days to file an amended complaint which cures the defects in his initial complaint.

## II. CONCLUSION

Because plaintiff has failed to state a claim on which relief can be granted, his complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may file an amended complaint within 30 days. An appropriate Order follows.

2